**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT PADUCAH**

MARCUS CHAPMAN                                                   PLAINTIFF

v.                                         CIVIL ACTION NO. 5:20CV-P165-TBR

SGT. O'DELL                                                     DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff Marcus Chapman filed the instant *pro se* 42 U.S.C. § 1983 action. Plaintiff paid the filing fee. The amended complaint[1] (DN 11) is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will allow some of Plaintiff's claims to proceed and dismiss other claims.

**I. SUMMARY OF FACTUAL ALLEGATIONS**

Plaintiff was an inmate at the Kentucky State Penitentiary (KSP) at the time pertinent to the action. He has since been transferred. In the amended complaint, Plaintiff lists the following Defendants in the caption of the amended complaint: Warden Scott Jordan; Sgt. Butler; Lt. Obrien; Lt. Loyd; Deputy Warden Syler[2] Grief; Unit Administrator "Travis B" who Plaintiff later identifies as Travis Bradley; Case Worker Marshall Peak; "16 Unknown Staff under Bivens"; and "Nurses and [illegible]/[illegible]."

In the "Parties" section of the amended complaint form where Defendants are to be listed, Plaintiff lists the following Defendants: Kentucky Department of Corrections (KDOC);

---

[1] By prior Order (DN 7), the Court directed Plaintiff to file an amended complaint on the Court-approved § 1983 form. The Court stated that the amended complaint would supersede the original complaint (DN 1). Therefore, the Court conducts initial review of the amended complaint only.

[2] Plaintiff lists this Defendant's first name in the caption as Syler; however, he later refers to her as "Skyler."

Warden Jordan; Sgt. Melvin O'Dell[3]; Sgt. Cortez Butler; Lt. Obrien; and 6 Unknown Correctional Staff. He sues them in their official and individual capacities.

For the purposes of this initial review, the Court will consider all Defendants listed in the case caption and those in the "Parties" section of the amended complaint to be Defendants to the action and will construe the amended complaint as suing each Defendant in his or her individual and official capacities.

In the "Parties" section of the form where Plaintiffs are to be listed, in addition to himself, Plaintiff lists three other inmates as Plaintiffs--Seth Jakoze; David Pate; and Michael Padgett. However, none of these inmates signed the amended complaint, and the amended complaint does not appear to make any allegations on the other inmates' behalf. Therefore, the Court does not consider them as parties to the action.

In the "Statement of Claim(s)" section of the form,[4] Plaintiff states that, while he was housed at KSP, he and Defendant O'Dell were involved in an incident in which O'Dell was "uncivil to get a rise" out of him and that Plaintiff was "humble defense less in cuffs shakeled behind my back while he dubble fist pepper spray and tazer equipted." He states that Defendant Butler "stated he will ride for his staff wrong or right even if derty." Plaintiff lists a number of individuals whom he wishes to subpoena.

Plaintiff further states, "By cuffs shakels tazer pepper spray strip necked no mate for days in vent cold blowing air. By animals behind badges who non so often get caught till now I reveal to you." He asserts, "I was assaulted by KSP Correctional Sgt. [O'Dell], who sence then went on a rampage of assaulting more inmates for or staff/inmate pleasure/humilations joy." He

---

[3] Plaintiff spells O'Dell's last name in various ways. For ease of reference, the Court will refer to this Defendant as "O'Dell."
[4] The factual allegations are not a model of clarity and are often illegible, and the Court will summarize the factual allegations to the extent possible.

continues, "By his orchestrated and UAs CO arraned attacks was allowed done to me which neither was prevented the grater case but it was allowed at a time and a place. Quote by UA Marshall Peek's eye wink Travis Bradley." Plaintiff requests log books and camera footage for various dates.

As relief, Plaintiff seeks compensatory and punitive damages and injunctive relief in the form of transfer out of KSP. He also seeks immediate release and expungement of his record.

In a page attached to the amended complaint, Plaintiff states that he will request video footage to prove "they new of conflict that was to accure and how the split me and the inmate Obre Osborne up on the way out to Recreation knowingly there was a confrontation yet the Sgt. [O'Dell] knowingly willingly premeditatedly didn't intervene and aranged for this multible assult." He maintains that inmate Osborne's handcuffs were put on loosely to allow him to slip out of them and assault him. He states that camera footage will show that "Sgt. Butler fail to aprehend Mr. Osborne intentionally allowing him to keep swinging . . . ." He asserts that the camera footage will also show him having contentious conversations with Defendant O'Dell.

Also in the attachment Plaintiff describes the incident as follow:

> [O'Dell] used extreme force assesive by then the fight was over. [O'Dell] had me against the fense several moment time antagonizing making provocative comment like I told u I can play dirty then he grabed me in a choke hold turn my body wieght slamed me head first into the concret fracturing my nose cartalidge which has yet to be document, malpractice [illegible] on nurse be halfs, failure to ex ray my neck, win he had me in choke hold mushing my face with his body . . . ."

He further states that Defendant O'Dell caused all of his injuries and that Defendant Butler "allowed Obre Osborne to keep swinging on me he had no intent to stop him . . . ."

The attached pages also include five pages of handwritten notes containing thirty numbered paragraphs making allegations against approximately thirty individuals, the majority of whom are not named as Defendants in the amended complaint. Plaintiff reiterates his factual

3

allegations against Defendants O'Dell and Butler. The following are the allegations contained in the attachment against the other named Defendants:

With regard to Defendant Jordan, Plaintiff alleges that he allowed "these 2 staff who have a high index [illegible] history of assessive force repeated offenses. History of misconduct."

With regard to Defendant Obrien, Plaintiff states that he "filed the IRT assessive force document IRT 2020-09-071 and down loading statements from staff nurses, COs and pictures. [Illegible] have seen and that I never attempt to harm Sgt. Odell, admitted he was wrong."

With regard to Defendant Loyd, Plaintiff asserts that he "failed to down load all injury pictures just a choosen sellect few to persue case/redaction, unethical, to cast blame else where."

With regard to Defendant Bradley, Plaintiff states that he "orchestrates a lot of racatiring corruption, insidents, many ocations . . . ." He also states that he believes that Defendant Bradley pulled inmate Osborne out of his cell and that Defendants Bradley and Peak talked to Osborne and brought him back to his cell. Plaintiff states that Defendants Bradley and Peak knew that the incident was "orchestrated in the core camera in front of control who winked at me, insinuating ill intent that was only revealed later."

With regard to Defendant Peak, Plaintiff alleges that he also orchestrated the incident, alleging "he did what they due to all inmates use us against each other to due there dirty work . . . ." Plaintiff asserts the Defendant Peak "was working control at the time & see me and Obre Osborne on seg walk for rec confrontation. They all new didn't present just turn blind eye and def ears, to provide and justify displinary actions."

With regard to Defendant Grief, whom he refers to as "Skylar," Plaintiff states that she was a "witness to my 7CH intake all injurys an question me about all my injurys" and that he told Defendant Grief that Defendant O'Dell inflicted his injuries and not Osborne. Plaintiff

states, "She stated [illegible] behave [illegible] u will be the first to get transfer to EKCC transitional program." The remaining statements concerning Defendant Grief are illegible.[5]

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will

---

[5] The amended complaint also contains twenty-nine pages of exhibits, some of which contain more handwritten notes by Plaintiff. The Court does not consider the notes included in the exhibits as alleging separate allegations.

not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

#### *A. KDOC and official-capacity claims*

Plaintiff sues KDOC and each individually-named Defendant in his or her official capacities. With regard to Plaintiff's claims against KDOC, a state and its agencies are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Additionally, the Eleventh Amendment acts as a bar to all claims for relief against KDOC. A state and its agencies, such as the KDOC, may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). The Commonwealth of Kentucky has

not waived its immunity, *see Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and in enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)). Therefore, the Court will also dismiss the claims against KDOC for failure to state a claim upon which relief may be granted and for seeking monetary damages from a Defendant who is immune from such relief.

Moreover, "official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Defendants are employees of KSP and are therefore state employees. Claims brought against state employees in their official capacities are deemed claims against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. State officials sued in their official capacities for monetary damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Further, the Eleventh Amendment acts as a bar to claims for monetary damages against state employees or officers sued in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169. Therefore, Plaintiff's official-capacity claims against Defendants for monetary damages must be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from a defendant who is immune from such relief.

Plaintiff also demands injunctive relief in the form of a transfer, release, and expungement of his record. Plaintiff has already been transferred. Therefore, the request for a transfer must be denied as moot. *See Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998). Moreover, Plaintiff's requests to order his release from custody and expungement of his record

are not available remedies under § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release . . . ."). Accordingly, Plaintiff's official-capacity claims for injunctive relief must be dismissed for failure to state a claim upon which relief may be granted.

### *B. Individual-capacity claims*

### 1. Defendant Warden Jordan

Plaintiff's only allegation against Defendant Jordan is that allowed "these 2 staff who have a high index [illegible] history of assessive force repeated offenses. History of misconduct." The doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "Because § 1983 liability cannot be imposed under a theory of respondeat superior, proof of personal involvement is required for a supervisor to incur personal liability." *Miller v. Calhoun Cty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005). "At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy*, 729 F.2d at 421. There is no *respondeat superior* liability where the plaintiff alleges only that the defendant merely failed to act or control employees. *Shorts v. Bartholomew*, 255 F. App'x 46, 53 (6th Cir. 2007); *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998). Therefore, Plaintiff's claim against Defendant Jordan will be dismissed for failure to state a claim.

### 2. Defendants Obrien, Loyd, and Grief

Plaintiff's allegations concerning Defendants Obrien, Loyd, and Grief are not that they participated in the alleged excessive force incident themselves, but concern only their actions taken in investigating the incident, such as taking photos and witness statements. However, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. A claim based on an inadequate investigation fails to state a constitutional violation because private citizens have no constitutional or federal statutory right to compel the investigation of another person. *See Diamond v. Charles*, 476 U.S. 54 (1986); *Vick v. Core Civic*, 329 F. Supp. 3d 426, 455 (M.D. Tenn. 2018) ("[T]o the extent that [] Plaintiff asserts that [] Defendant violated his rights by failing to investigate his assertions of factual innocence, the Plaintiff has not stated a cognizable [§ 1983] claim."); *Jacoby v. PREA Coordinator*, No. 5:17-cv-00053-MHH-TMP, 2017 U.S. Dist. LEXIS 107831, at *10 (N.D. Ala. Apr. 4, 2017) ("Whether an inadequate investigation, or the failure to investigate at all, no § 1983 liability is created."), *report and recommendation adopted*, 2017 U.S. Dist. LEXIS 106774 (N.D. Ala. July 11, 2017). Accordingly, Plaintiff's claims against Defendants Obrien, Loyd, and Grief will be dismissed for failure to state a claim.

### 3. Unknown Staff and Nurses

Plaintiff also sues "Unknown Staff" members and unnamed "Nurses and [illegible]/[illegible]." A complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which he complains. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976). "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly

dismissed, even under the liberal construction to be given pro se complaints." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *see also LeMasters v. Fabian*, No. 09-702 DSD/AJB, 2009 U.S. Dist. LEXIS 53016, at *5 (D. Minn. Apr. 17, 2009) ("To state an actionable civil rights claim against a government official or entity, a complaint must include specific factual allegations showing how that particular party's own personal acts or omissions directly caused a violation of the plaintiff's constitutional rights."), *report and recommendation adopted*, 2009 U.S. Dist. LEXIS 53016, at *2 (D. Minn. May 18, 2009).

Plaintiff only lists the "Unknown Staff" members and "Nurses" as Defendants in the caption and/or "Parties" section of the amended complaint form. He does not state any allegations against any specific unknown officer or nurse in the statement-of-claims section of the amended complaint or state how such person was directly involved in any of the alleged wrongdoing. In the amended complaint, he alleges "malpractice [illegible] on nurse be halfs, failure to ex ray my neck, win he had me in choke hold mushing my face with his body . . . ." However, this allegation is vague and too lacking in any factual specificity to state a claim against an individual Defendant. *See Iqbal*, 556 U.S. at 681. Therefore, Plaintiff's claims against the "Unknown Staff" members and "Nurses" must be dismissed for failure to state a claim.

### 4. Defendants O'Dell, Butler, Bradley, and Peak

Upon review, the Court will allow Plaintiff's Eighth Amendment claims of excessive force and failure to protect to proceed against Defendants O'Dell, Butler, Bradley, and Peak in their individual capacities.

### IV. CONCLUSION

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's claims against the KDOC and official-capacity claims against all Defendants are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1), (2) for failure to state a claim upon which relief may be granted and for seeking relief from a defendant who is immune from such relief.

**IT IS FURTHER ORDERED** that Plaintiff's individual-capacity claims against Defendants Jordan, Obrien, Loyd, Grief, the "Unknown Staff" members, and "Nurses and [illegible]/ [illegible]" are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The **Clerk of Court shall terminate** the KDOC, Jordan, Obrien, Loyd, Grief, the "Unknown Staff" members, and "Nurses and [illegible]/[illegible]" as Defendants to the action.

The Court will enter a separate Service and Scheduling Order to govern the claims that have been permitted to proceed.

Date:   March 25, 2021

*Thomas B. Russell*

Thomas B. Russell, Senior Judge
United States District Court

cc:   Plaintiff, *pro se*
      Defendants
      General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.010