UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**MARCUS FITZGANG CHAPMAN**                                                                **PLAINTIFF**

v.                                                   **CIVIL ACTION NO. 5:20-CV-P165-CRS**

**SGT. MELVIN D. O'DELL et al.**                                                      **DEFENDANTS**

**MEMORANDUM**

Pending in this case is the motion for summary judgment (DN 62) filed by Defendants on March 29, 2023. The only arguments put forth in the motion are that Defendants are entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies and he failed to file a pretrial memorandum in compliance with the Court's Amended Scheduling Order.

When Plaintiff failed to file a response to the motion for summary judgment, the Court ordered him to do so within 30 days of May 18, 2023, the date the Order was entered (DN 65). The Order provided Plaintiff guidance in responding to a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure and warned him that failure to file his response within the allotted time would result in dismissal of the action.

Plaintiff responded with a letter (DN 66) stating that he was in segregation after being "jumped" by gang members, that he was pursuing help from an attorney, and that he required an extension of time in which to respond to the motion. On June 29, 2023, the Court entered an Order providing Plaintiff with another 30 days in which to file his response and again warned him that failure to comply would result in dismissal of the action (DN 67).

Rather than filing his response, Plaintiff filed another letter stating that he needed to be "provided with another pro se plaintiff guidance on responding" to the motion for summary judgment (DN 68). He also stated that he needed "a copy of my whole file documents." He stated

that the documents, which he identified as pictures, witness statements, and the history of the fired officer, "should be more than enough." The Court entered an Order (DN 69) on August 18, 2023, providing Plaintiff with a copy request form. The Order extended the response time by 45 days, providing him guidance in responding, and again warned him that failure to comply would result in dismissal of the action.

Once again, rather than filing a response to the summary-judgment motion, Plaintiff filed a letter postmarked September 18, 2023, in which he detailed an injury occurring on May 9, 2023 (DN 70), presumably from when he was "jumped" by gang members. He stated that he is in the medical ward at the Kentucky State Reformatory, where he was transferred on September 5, 2023, *see* DNs 71 and 72, after having a surgical procedure for a torn ACL, and does not have access to a legal aide. He attaches what are presumably pictures of his knee taken during an "ACL reconstruction." He also filed a copy request form (DN 71), and another letter in which he asks the Court to bear with him while he gets the funds to pay for his copy request (DN 72).

Plaintiff does not explain why he did not file a response during the initial response time set forth in the Court's Local Rules (LR) which ran before his May 9th injury. *See* LR 7.1(c) ("Unless otherwise ordered by the Court, a party opposing a motion must file a response within 21 days of service of the motion."). Nor does he explain why he needs copies of all his filings or the assistance of an attorney to address the two issues raised by Defendants – whether he filed grievances about his claim and whether they are entitled to summary judgment because he failed to file a pretrial memorandum.

Additionally, Plaintiff's multiple failures to respond to the summary-judgment motion come on the heels of previous delays in this case. During the course of this case, Plaintiff filed two motions requesting an extension of the discovery deadline (DN 48, 51). In granting Plaintiff

a shorter extension than the one he sought of that deadline (DN 54), the Court admonished him as follows:

> Plaintiff's request(s) come after the Court has twice extended deadlines under the original March 26, 2021, Scheduling Order (DN 23). Under that Order, the parties were to complete discovery by October 22, 2021. In May 2022, because of Defendants' delay in answering the complaint, the Court entered an amended scheduling order with discovery due by August 3, 2022 (DN 42). When both Plaintiff and Defendants failed to comply with the Amended Scheduling Order's deadlines for discovery (as well as subsequent deadlines for filing pretrial memoranda), the Court entered a Revised Scheduling Order on October 7, 2022, making discovery due November 30, 2022 (DN 46).
>
> Given these serial delays, Plaintiff's request to extend the discovery deadline [of more than six months], is unreasonably long. The Court will, however, by separate Amended Scheduling Order, extend the deadlines by two months. Accordingly, the Court **GRANTS** Plaintiff's motion for extension (DN 48) and **DENIES** as moot his second motion for extension (DN 51).
>
> The Court **CAUTIONS** that any further requests for extension of time by either Plaintiff or Defendants are likely to be denied, at least absent truly exceptional circumstances. Both parties have been remiss in meeting the Court's deadlines and, as a result, more than a year has passed since the first discovery deadline—with little or no progress in this case.

Upon filing the instant action, Plaintiff assumed the responsibility to actively litigate his claims. Federal Rule of Civil Procedure 41(b) permits the Court to dismiss the action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[T]he lenient treatment of pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996)

3

(citing *Jourdan*, 951 F.2d at 110). Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962). Moreover, "[t]he authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Id*. at 629.

Upon review, the Court finds that Plaintiff's repeated failures to file a response to Defendants' dispositive motion and to comply with the Court's three Orders providing him additional time to respond, despite the dismissal warning in each of those Orders, show a pattern of failing to pursue this case. Therefore, the Court will dismiss the instant action by separate Order.

Date: December 7, 2023

Charles R. Simpson III, Senior Judge
United States District Court

cc: Plaintiff, *pro se*
      Counsel of record
4411.009